IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF FLORIDA,

    Plaintiff,

    v.                                          CASE NO.  22-3249-JWL-JPO

CRAIG IVAN GILBERT,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by the defendant in a criminal case that was previously pending in state court in Florida.  Because the defendant, Craig Ivan Gilbert, has failed to show any grounds for removal or that removal is proper in a closed case that was previously pending in another state, this matter is dismissed.

Mr. Gilbert filed this "Notice of Removal," purporting to remove a closed criminal case from Miami Dade County District Court.  (Doc. 1.)  Mr. Gilbert fails to provide a full case number and only provides that it is a closed criminal case from 2019.  *Id*.

Under 28 U.S.C. § 1443, a state criminal defendant may remove a state criminal case "to the district court of the United States for the district and division embracing the place wherein it is pending."  28 U.S.C. § 1443.  Section 1455 provides that a defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal."  28 U.S.C. § 1455(a).  The statutes provide for removal to the federal district court "within which such prosecution is pending."  Mr. Gilbert has failed to point to any authority that would allow removal of an action pending in another state.  *See In re Keyes*, 344 F. Supp. 3d 803, 812 (E.D.

Pa. 2018) (state criminal proceedings pending against pro se litigant could not be removed to federal district court sitting in another state).

Mr. Gilbert has failed to state any grounds for removal. Section 1455 requires a notice of removal of criminal prosecutions to "include all grounds for such removal" and provides that "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." 28 U.S.C. § 1455(b)(2).

Mr. Gilbert has pointed to no authority for the proposition that removal of a closed criminal case is proper. The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1). "Critically, the foregoing statute refers to criminal 'prosecutions,' consistent with the notion that the point of removal is to have the trial go forward in federal, rather than state, court." *Miller v. Louisiana*, Civil Action No. 18-14251, 2019 WL 1293273, at *2 (E.D. La. March 1, 2019), adopted, 2019 WL 1277522 (E.D. La. March 20, 2019). "That is reflected in the requirement that a notice of removal must generally be filed no later than thirty days after the arraignment in state court." *Id*.

"[T]he statute clearly does not contemplate removal of a case *after* conviction." *Id*. (emphasis in original) (citing *Smith-El v. Louisiana*, Civ. Action No. 16-cv-1310, 2016 WL 8900203, at *1 (W.D. La. Sept. 27, 2016), *adopted*, 2017 WL 1821111 (W.D. La. May 3, 2017); *see also Barber v. Vance*, Case No. 3:16-cv-2105, 2019 WL 267874, at *2 (D. Ore. Jan. 18, 2019) ("[Plaintiff's] criminal case is finished at the state trial court level and removal to this trial

court is improper after the case is closed (and untimely, because he would have needed to file a petition of removal within 30 days of his arraignment, *see* 28 U.S.C. § 1455(b)(1) )".); 8A Fed. Proc, L.Ed. § 22:59 ("The general rule is that a criminal prosecution can be removed from a state to a federal court only after indictment and before trial.")); *see also New Hampshire v. Woodham*, Case No. 21-cr-128-JL, 2022 WL 1432069, at *2 (D. N.H. April 6, 2022), *adopted*, 2022 WL 1423608 (D. N.H. May 4, 2022) ("A state court criminal defendant may remove a state court 'criminal prosecution[ ]' to federal district court in the district 'within which such prosecution is pending.'"); *Colombo v. Cty. of Suffolk*, 2010 WL 1459196, at *1 (E.D.N.Y. April 8, 2010) (noting that the court denied plaintiff's application to remove her closed criminal action, finding no good cause to extend the deadline to remove a criminal action and that the underlying criminal prosecution had concluded, leaving no action to remove).

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. Therefore, dismissal is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS SO ORDERED**.

Dated October 14, 2022, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE